UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | CASE NO.: 1:18CR00345 |
| V | ) | |
| | ) | JUDGE PATRICIA GAUGHN |
| JARED SEBAUGH | ) | |
| | ) | SENTENCING MEMORANDUM |
| Defendant | ) | |
| | ) | |

    Now comes the defendant, Jared Sebaugh, through his attorney, Thomas E. Shaughnessy, and respectfully submits for the Court's consideration at sentencing, scheduled on January 22, 2019, facts relevant to the sentence to be imposed upon defendant pursuant to 18 U.S.C. Section 3553(a) and additional factors relevant to the instant case and the defendant's history.

                                                  Respectfully submitted,

                                                  /S/ Thomas E. Shaughnessy
                                                  Thomas E. Shaughnessy 0047201
                                                  11510 Buckeye Road
                                                  Cleveland, Ohio 44104
                                                  (216) 721-7700

## MEMORANDUM

### I. PROCEDURAL SENTENCING FRAMEWORK

It is respectfully submitted that in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court held that sentencing guidelines are advisory, not mandatory, and that other factors set forth in section 3553(a) must be considered in fashioning the appropriate sentence. Se <u>Booker</u> at 790 In post Booker, the sentencing guidelines are but one of many statutory concerns that federal courts must take into account during sentencing determination; district court judges have great discretionary power to impose sentences not greater than necessary to satisfy the statutory purposes of sentencing. This standard requires courts to impose sentences that:

> A) reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;
>
> B) afford adequate deterrence to criminal conduct;
> C) protect the public from further crimes of the defendant; and
> D) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.

In consideration of the purposes of Section 3553(a), this Court must fashion a sentence which considers all the following factors:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> 2) the need for the sentence imposed to further the purposes set forth above;
> 3) the kinds of sentences available;
> 4) the kinds of sentences and sentencing range applicable to the defendant as set by the U.S. Sentencing Guidelines
> 5) any pertinent policy statement issued by the Sentencing Commission…;

> 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

The United States Supreme Court in <u>Kimbrough v. United States</u>, 552 US 85 (3007), ruled that the sentencing courts must treat the guidelines as the "starting point and the initial benchmark" when formulating reasonable sentencing. Id at 108. However, the appropriateness of the Guidelines sentence must be judged against the other factors in section 3553(a). Id at 101. Therefore, after properly calculating the advisory range under the sentencing guidelines, a factor which serves only as a starting point, district courts must then consider each of the relevant section 3553(a) factors which places the guidelines on equal footing with the other factors.

The overriding principle and basic mandate of section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary,…" while giving consideration to "the nature and circumstances of the offense and the history and characteristics of the defendant,…" Sterling Green hereby presents the following information for the Court's consideration.

## II. INTRODUCTION

  A.  *Defendant accepts responsibility for his actions*

Jared Sebaugh has pled guilty pursuant to the indictment and acknowledged his guilt in the instant offense. He has accepted responsibility for his conduct and understands that the offense requires the appropriate attention of this Court. Mr. Sebaugh only asks that this Court to consider an imposition of punishment that not only considers the crime, but also the history and characteristics of Mr. Sebaugh and the collateral

consequences of his conviction in this case. A consideration of these additional factors will result in a sentence that will achieve the goals of sentencing under section 3553(a).

Mr. Sebaugh has remorse for his conduct, as he has shown throughout this case. He understands the implication of his unlawful actions and its effect upon his life and that of his family.

B. *Struggle with substance abuse*

Defendant Sebaugh has been abusing narcotic drugs, marijuana and cocaine. Drug abuse certainly played a role in the instance offense.

Mr. Sebaugh began using marijuana at the age of thirteen (13) and began abusing prescription drugs at the age of fourteen (14). Mr. Sebaugh was originally prescribed prescription narcotics for injuries that he suffered in a four wheeler accident. This led to his addiction. Mr. Sebaugh has been pronounced dead at least ten (10) times and has been revived with narcan.

C. *Role in Offense*

Mr. Sebaugh does not deny his role in the offense.

D. Personal Characteristic

Defendant Sebaugh is 30 years old and has substance abuse problem. Defendant Sebaugh has prior convictions that are all related to his substance abuse problem. In 2008, Defendant Sebaugh was convicted of using marijuana while in the United States Army. In 2012, Defendant Sebaugh was convicted of Aggravated Robbery. In this case Defendant Sebaugh robbed a CVS Pharmacy for narcotics to satisfy his addiction. In 2017, Defendant Sebaugh was convicted of misdemeanor possession of heroin. Again, related to his addiction.

Defendant Sebaugh has strong family support.  (see attached letters)

### III.  CONCLUSION

For the above-mentioned reasons, defendant, Jared Sebaugh, respectfully requests the following:

1.  That this Court consider his lack of prior-criminal history and his alcohol/drug addiction when determining an appropriate sentence in this case.

2.  That the Court take into consideration the facts and factors enumerated above and grant a variance in this matter pursuant to 18 U.S.C. Section 3553 (a) and (6)

Respectfully submitted,

/S/ Thomas E. Shaughnessy
Thomas E. Shaughnessy 0047201
11510 Buckeye Road
Cleveland, Ohio  44104
(216) 721-7700

CERTIFICATE OF SERVICE

      A copy of the Sentencing Memorandum was filed by electronic means pursuant to F.R.C.P.5(b)(2)(D).  Notice of this filing will be sent to all counsel indicating electronic receipt by operation of the Court's electronic system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

      /S/ Thomas E. Shaughnessy
      Thomas E. Shaughnessy 0047201
      11510 Buckeye Road
      Cleveland, Ohio  44104
      (216) 721-7700